IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES S. BENTLEY, | : | CIVIL NO. 3:CV-06-2073 |
| Petitioner, | : | |
| | : | (Judge Munley) |
| | : | |
| v. | : | |
| | : | |
| FRANKLIN TENNIS, ET AL., | : | |
| Respondents | : | |

## MEMORANDUM AND ORDER

### I. Introduction

Charles S. Bentley ("Bentley"), a Pennsylvania state inmate serving a sentence imposed by the Court of Common Pleas of Chester County, Pennsylvania, filed this petition for writ of habeas corpus on October 20, 2006, pursuant to 28 U.S.C. § 2254, challenging the denial of parole. (Docs. 1, 2). Named as respondents are the Pennsylvania Board of Probation and Parole (PBPP) and Franklin Tennis, Superintendent of the State Correctional Institution at Rockview, where Bentley is presently incarcerated. For the reasons that follow, Bentley's request for habeas relief will be denied.

### II. Background

In 1992, Bentley was sentenced in the Court of Common Pleas of Chester County to serve an aggregated term of twelve to thirty years for two counts of involuntary deviate sexual intercourse with a maximum term expiration date of February 25, 2021. (Doc. 12-2, p. 20, ¶ 22). He was first considered for parole in December 6, 2002, at which time parole was refused and he was scheduled to be reviewed in or after November 2004. (Doc. 12-2, p. 1). His next review

came on December 10, 2004. (<u>Id.</u> at pp. 2-3). In refusing to grant parole, the PBPP stated as follows:

> Following an interview with you and a review of your file, and having considered all matters required pursuant to the Parole Act of 1941, as amended, 61 P.S. § 331.1 *et seq.*, the Board of Probation and Parole, in the exercise of its discretion, has determined at this time that: your best interests do not justify or require you being paroled/reparoled; and, the interests of the Commonwealth will be injured if you were paroled/reparoled. Therefore, you are refused parole/reparole at this time. The reasons for the Board's decision included the following:
>
> > The recommendation made by the Department of Corrections.
> >
> > Your need to participate in and complete additional institutional programs.
> >
> > Your interview with the hearing examiner and/or board member.
> >
> > You will be reviewed in or after August, 2005.
>
> At your next interview, the board will review your file and consider:
>
> > Whether you have successfully completed a treatment program for: Sex Offenders - Phase II.
> >
> > Whether you have received a favorable recommendation for parole from the Department of Corrections.
> >
> > Whether you have maintained a clear conduct record and completed the Department of Corrections prescriptive programs.
> >
> > Your efforts to secure an approved home plan will be submitted to the board at the time of review.

(Doc. 12-2, pp. 2-3). Following this denial, Bentley filed a petition for writ of habeas corpus in

the Court of Common Pleas of Chester County. (Doc. 13, p. 2, ¶ 5). In July 2005, the Court of Common Pleas dismissed the petition for lack of jurisdiction. (Doc. 1, p. 15). A motion for reconsideration was filed and denied. (Id. at ¶ 7). Bentley pursued an appeal with the Pennsylvania Superior Court. (Id. at ¶ 8). On or about November 2, 2005, the superior court transferred the appeal to the Pennsylvania Commonwealth Court. (Doc. 1, p. 17, n.5). On February 22, 2006, the Commonwealth Court affirmed the order of the Court of Common Pleas dismissing the habeas corpus petition for lack of jurisdiction, but afforded Bentley thirty days to file a petition for review in the Commonwealth Court. (Doc. 1, pp. 16-20). He failed to file the petition for review. Rather, he petitioned the Pennsylvania Supreme Court for allowance of appeal, which was denied on July 19, 2006. He filed the present petition for writ of habeas corpus on October 20, 2006, challenging the December 2004, denial of parole.

Since December 2004, Bentley has had two other reviews, dated August 25, 2005 (Doc. 12-2, pp. 4-5), and August 11, 2006 (Doc. 12-2, pp. 6-7). Each time, he has been refused parole. Bentley did not pursue any state court remedies with regard to the most recent denials.

He filed the present petition seeking an order directing the PBPP to cease applying retroactive statutes and to grant him a new hearing for parole consideration. (Doc. 1, p. 14, Doc. 2, p. 9). Alternatively, he is seeking to be released from incarceration. (Id.)

## III. Discussion

### A. *Ex Post Facto* Claim

Bentley contends that the PBPP is retroactively applying the sex offender treatment statute, 42 Pa. C. S.A. § 9718.1, in violation of the *ex post facto* clause. Respondents argue that Bentley is not entitled to relief on this claim because he has failed to exhaust his state court remedies. Under § 2254(b)(1), "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that– (A) the applicant has exhausted the remedies available in the courts of the State." "An applicant shall not be deemed to have exhausted the remedies available in the court of the State, within the meaning of this section, if he has the right under the law of the state to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The threshold inquiry in the exhaustion analysis is whether the claims asserted in the habeas corpus petition have been "fairly presented" to the state courts. Picard v. Connor, 404 U.S. 270, 275 (1971). Fair presentation requires that the "substantial equivalent" of both the legal theory and the facts supporting the federal claim are submitted to the state courts, and the same method of legal analysis applied in the federal courts must be available to the state courts. Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997). It is well-settled that a state prisoner must present his federal constitutional issues to the highest court of the state before he can present the issues through federal habeas corpus. 28 U.S.C. § 2254(b), (c); Rose v. Lundy, 455 U.S. 509, 515-20 (1982); Doctor v. Walters, 96 F.3d 675 (3d Cir.1996). The exhaustion

requirement "rests upon the principles of comity and judicial economy [and] provides state courts with an initial opportunity to consider and correct alleged violations of prisoners' rights without disruption from the federal courts." Hankins v. Fulcomer, 941 F.2d 246, 249 (3d Cir.1991).

Applying these legal principles to the instant matter, it is concluded that Bentley has failed to exhaust his *ex post facto* claim. He was permitted to raise his challenge to the denial of parole through a mandamus petition filed in the Pennsylvania Commonwealth Court. DeFoy v. McCullough, 393 F.3d 439, 445 (3d Cir. 2005). Bentley erroneously pursued habeas relief in the Court of Common Pleas of Chester County. His petition was summarily dismissed for lack of jurisdiction. On appeal, the Pennsylvania Superior Court transferred the matter to the Commonwealth Court, which affirmed the Court of Common Pleas' dismissal of the petition for lack of jurisdiction. Notwithstanding this determination, Bentley was afforded thirty days to properly file a petition for review in the Commonwealth Court. Instead of filing the petition for review, Bentley filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which was denied. Because he failed to file a petition for review in a manner that permitted the Commonwealth Court to consider his claims on their merits, he has failed to exhaust his state court remedies with regard to the December 2004 denial. And, it is undisputed that Bentley has failed to pursue state court remedies with regard to the most recent denials of parole. Consequently, he is not entitled to federal habeas review on the *ex post facto* claim.

B. <u>Due Process Claims</u>[1]

*1. Procedural Due Process*

The Fourteenth Amendment provides that the State may not "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV. An examination of a procedural due process claim under the Fourteenth Amendment proceeds in two steps. See <u>Bd. of Regents of State Colls. v. Roth</u>, 408 U.S. 564 (1972). First, the court must determine whether there exists a liberty or property interest which has been interfered with by the state. <u>Kentucky Dept. of Corrs. v. Thompson</u>, 490 U.S. 454, 460 (1989) (citing <u>Bd. of Regents</u>, 408 U.S. at 571). Second, if a petitioner establishes the existence of a protected interest, the court must examine whether the procedures attendant upon that deprivation were constitutionally sufficient. <u>Id.</u> (citing <u>Hewitt v. Helms</u>, 459 U.S. 460, 472 (1983)). Bentley cannot meet either criteria because there is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." <u>Greenholtz v. Inmates of Nebraska Penal & Corr. Complex</u>, 442 U.S. 1, 7 (1979). Thus, absent the creation of a liberty interest in parole, a state's decision to deny parole does not create any procedural due process protections. Both the federal and Pennsylvania state courts have held that parole is not a constitutionally protected liberty interest under Pennsylvania law. <u>Burkett v. Love</u>, 89 F.3d 135, 139 (3d Cir. 1996); <u>Rogers v.</u>

---

[1] Unlike an *ex post facto* claim, for which Pennsylvania affords judicial review by way of a mandamus petition in Commonwealth Court, he does not need to exhaust state court remedies with respect to his claim that his due process rights to a fair hearing have been violated (Doc. 2, p. 5). <u>DeFoy v. McCullough</u>, 393 F.3d 439, 445 (3d Cir. 2005) (stating "we conclude that claims of constitutional violations in the denial of parole in Pennsylvania need not be presented to the state courts in order to satisfy the requirement of exhaustion.").

Pa. Bd. of Prob. & Parole, 555 Pa. 285, 724 A.2d 319, 323 (Pa. 1999). Because Bentley cannot establish that he possesses a liberty interest in parole, he has not demonstrated a violation of a protected constitutional right which would allow him to present a procedural due process claim. Accordingly, the Board's decision did not violate his right to procedural due process.

   2. *Substantive Due Process*

Bentley's claim also fails under a substantive due process analysis. "Even if a state statute does not give rise to a liberty interest in parole release under Greenholtz, once a state institutes a parole system all prisoners have a liberty interest flowing directly from the due process clause in not being denied parole for arbitrary or constitutionally impermissible reasons." Block v. Potter, 631 F.2d 233, 236 (3d Cir.1980). "Although a person may have no 'right' to a valuable government benefit, and may be denied it for any number of reasons, 'there are some reasons upon which the government may not rely.'" Burkett, 89 F.3d at 139 (citing Perry v. Sindermann, 408 U.S. 593, 597 (1972)). Under substantive due process, a state may not deny parole on constitutionally impermissible grounds, such as race or in retaliation for exercising constitutional rights (two factors that are not alleged and are not present here). Id. at 140. In addition, a state may not base a parole decision on factors bearing no rational relationship to the interests of the Commonwealth. Block, 631 F.2d at 237.

The United States Court of Appeals for the Third Circuit has stressed, however, that a substantive due process claim based upon alleged arbitrary and capricious action is not easily mounted because the relevant level of arbitrariness required involves not merely action that is

unreasonable, but rather, something more egregious, at times "conscience shocking." Hunterson v. DiSabato, 308 F.3d 236, 246-47 (3d Cir. 2002). "[F]ederal courts are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision." Coady v. Vaughn, 251 F.3d 480, 487 (3d Cir. 2001).

In Bentley's case, it cannot be disputed that there was "some basis" for the challenged decision. Moreover, he has failed to direct the court to any factor relied upon by the Board that could be described as "conscience shocking." He simply complains that the PBPP is violating his due process rights to a fair hearing because it is requiring him to complete the sex offender treatment program before it will grant him parole. It is certainly legitimate, however, for the Board to consider a prisoner's progress in rehabilitative programs before releasing him on parole. See e.g., McGinnis v. Royster, 410 U.S. 263, 277 (1973) (stating that it is legitimate for state to afford prison officials adequate opportunity to evaluate an inmate's rehabilitative progress before considering him for parole eligibility). Thus, the PBPP's consideration of Bentley's progress, or lack thereof, in the sex offender treatment program bears a rational relationship to the Commonwealth's interest in determining whether he has been rehabilitated. Thus, Bentley has not suffered a violation of his substantive due process rights.

8


## IV. Conclusion

Based on the foregoing, the petition for writ of habeas corpus will be denied. An appropriate order will issue.

BY THE COURT:

s/James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court

Dated: November 30, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES S. BENTLEY, | : | CIVIL NO. 3:CV-06-2073 |
| Petitioner, | : | |
| | : | (Judge Munley) |
| v. | : | |
| FRANKLIN TENNIS, ET AL., | : | |
| Respondents | : | |

## ORDER

**AND NOW**, to wit, this 30th day of November 2007, in accordance with the foregoing memorandum, it is hereby ORDERED that:

1. The petition for writ of habeas corpus is DENIED.

2. The Clerk of Court is directed to CLOSE this matter.

BY THE COURT:

s/James M. Munley
**JUDGE JAMES M. MUNLEY**
**United States District Court**